# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

CALVIN L. DIBRELL,                )
                                  )          Case No. 3:24-cv-115
        *Plaintiff*,              )
                                  )          Judge Travis R. McDonough
v.                                )
                                  )          Magistrate Judge Jill E. McCook
PNC BANK, *et al.*,              )
                                  )
        *Defendants*.            )

---

## MEMORANDUM OPINION

---

This matter is before the Court following Plaintiff's failure to timely serve Defendant Brock and Scott, PLLC ("B&S") in accordance with the Court's prior order (Doc. 33). For the following reasons, Plaintiff's action will be **DISMISSED WITHOUT PREJUDICE**.

## I.      BACKGROUND

Plaintiff filed the present action on March 12, 2024, bringing claims under 18 U.S.C. §§ 241, 242, and 1951.  (*See* Doc. 1, at 1.)  Plaintiff also alleged violations of California Civil Code § 52.1, congressional bills H.R. 3156 and 3956, and the Fair Debt Collection Practices Act ("FDCPA").  (*See id.* at 1–3.)  Defendant PNC Bank filed a motion for summary judgment on January 13, 2025, and the Court awarded summary judgment in favor of PNC on all claims.  (*See* Doc. 28.)

B&S filed a motion to dismiss for Plaintiff's failure to serve it pursuant to Federal Rule of Civil Procedure 4(m) on December 18, 2024.  (*See* Doc. 17.)  The Court denied B&S's motion, explaining that:

> Plaintiff is a pro se litigant, and B&S has actual notice of this suit, as evidenced by its motion to dismiss.  The Court also finds that B&S will not suffer any prejudice

1

from an extension of the time for service other than the inherent prejudice in having to defend the suit. These factors suggest that Plaintiff should be given additional time to serve B&S. Additionally, nothing in the record prior to B&S's motion to dismiss provided Plaintiff with notice that he had failed to serve B&S in accordance with Rule 4. Thus, even if Plaintiff has failed to meet the requirements of Rule 4(m) by several months, the Court finds this lack of notice an equitable factor relevant to the unique circumstances of the case. Accordingly, the Court finds dismissal premature, and B&S's motion is **DENIED**.

(Doc. 28, at 7 (internal quotations and citations omitted).) However, the Court also noted that Plaintiff did not "provide good cause for his months-long delay" in serving B&S. (*Id.* at 7 n.7.) The Court ordered Plaintiff to serve B&S in accordance with Rule 4 by March 3, 2025. (*Id.* at 7.)

On March 5, 2025, Plaintiff moved for a 30-day extension of his deadline to serve B&S. (*See* Doc. 30.) Plaintiff claimed that "administrative and procedural delays prevented him from complying with the Court's order." (*See* Doc. 33, at 1.) Plaintiff did not explain what these delays were. (*See id.*) Nevertheless, the Court granted Plaintiff an extension out of consideration for "his pro se status." (*See id.*) Plaintiff was again ordered to serve B&S by April 4, 2025. (*Id.*)

To date, Plaintiff has not moved for another extension and has not provided proof of service.[1]

## II.    STANDARD OF LAW

Under Rule 4(m), a plaintiff must serve a defendant within 90 days after the complaint is filed. If a plaintiff fails to do so, a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See* Fed. R. Civ. P. 4(m).

---

[1] Plaintiff filed a notice containing what appears to be a postal receipt on March 11, 2025 (Doc. 34), and a notice declining to proceed before the magistrate judge on March 18, 2025 (Doc. 35). While the postal receipt appears to show that something was mailed to B&S (*see* Doc. 34, at 2), there is no description of what was sent and nothing suggesting that Plaintiff served B&S as required under Rule 4 (*see id.*).

2

However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "The plaintiff has the burden of establishing that proper service of process has occurred." *Thul v. Haaland*, No. 1:20-CV-354, 2022 WL 20728031, at *2 (E.D. Tenn. Mar. 24, 2022), *aff'd*, No. 22-5440, 2023 WL 6470733 (6th Cir. Mar. 1, 2023) (citing *Shires v. Magnavox Co.*, 74 F.R.D. 373, 377 (E.D. Tenn. 1977)). If the plaintiff fails to show good cause for his failure to timely serve a defendant, a court must then consider:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Staub v. Nietzel*, No. 22-5384, 2023 WL 3059081, at *10 (6th Cir. Apr. 24, 2023) (quoting *United States v. Oakland Physicians Med. Ctr.*, 44 F.4th 565, 569 (6th Cir. 2022)).

## III. ANALYSIS

### A. Service

Plaintiff has not demonstrated that he has served B&S, and the Court finds that dismissal is warranted. Plaintiff's previous explanation for his failure to serve B&S was unidentified procedural and administrative delays. (*See* Doc. 33, at 1.) Plaintiff has now failed to adhere to the deadline for service set by the Court (*see id.*), despite multiple extensions, and makes no effort to show good cause for such failure. Accordingly, Plaintiff has not shown good cause for his failure to serve B&S for more than a year since he filed this action, *see Savoie v. City of E. Lansing*, No. 21-2684, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022) (providing examples of

good cause for failure to timely serve), and the Court will consider the *Oakland Physicians* factors.

Pursuant to Rule 4(m), Plaintiff was required to serve B&S on or before June 10, 2024, as he filed his complaint on March 12, 2024 (*see* Doc. 1). Plaintiff has not served B&S for ten months after this original deadline, and another extension would be well beyond the timeframe for service under Rule 4(m). There is no indication Plaintiff has made a good-faith efforts to serve B&S, as Plaintiff neglected to even file for an extension by the Court's most recent deadline of April 4, 2025. Unlike when the Court considered this issue for the first time (Doc. 28, at 6–7), Plaintiff has been on notice that he has not served B&S in accordance with Rule 4 for roughly two months. Additionally, the Court advised Plaintiff twice that it may dismiss his suit should he fail to serve B&S within the timeframe it set without good cause for such failure. (*See id.* at 7, 14; Doc. 33, at 1.) The Court provided Plaintiff with additional chances to serve B&S due to his pro se status, and it finds that no equitable factors warrant further opportunities to allow for proper service.

Although the factors above weigh in favor of dismissal, the Court notes that B&S will likely not suffer additional prejudice from an extension and that B&S has notice of Plaintiff's suit, as evidenced by its motion to dismiss (Doc. 17). Plaintiff is also proceeding pro se. Further, it appears that Plaintiff's claims under the FDCPA could be time-barred if the suit is dismissed.[2] Plaintiff offers limited factual allegations in his complaint but does allege that B&S sent Plaintiff a notice of foreclosure in January 2024. (*See* Doc. 1, at 3.) The FDCPA imposes a

---

[2] The Court only considers the statute of limitations for Plaintiff's FDCPA claims for the reasons outlined in its order awarding Defendant PNC Bank summary judgment on Plaintiff's non-FDCPA claims. (*See* Doc. 28, at 8.)

one-year statute of limitations that starts running the date of the alleged violation. *See Bouye v. Bruce*, 61 F.4th 485, 491 (6th Cir. 2023). These factors somewhat weigh against dismissal.

Nonetheless, considering the *Oakland Physicians* factors in their totality, the Court finds that they favor dismissal. Plaintiff does not appear to have made good-faith efforts to serve B&S. This lack of diligence coupled with the extensive delay caused by his failure to serve B&S outweighs Plaintiff's potential prejudice of not being able to bring his claims, as "the running of the statute of limitations does not *require* . . . a discretionary extension." *See Oakland Physicians*, 44 F.4th at 570 (emphasis in original). While Plaintiff is a pro se litigant, he "must still comply with the applicable rules of procedure" and "make a diligent effort to serve process." *Moore v. Lee*, No. 3:23-CV-196, 2024 WL 4843968, at *2 (E.D. Tenn. Nov. 20, 2024) (citations omitted). Plaintiff also failed to comply with the Court's orders directing him to serve B&S. (*See* Docs. 28, at 7, 14; Doc. 33.) Accordingly, the Court will not grant Plaintiff another discretionary extension, and his claims will be dismissed.

### B. Appeal

On March 5, 2025, Plaintiff filed an appellate brief in the present suit and the Court construes this brief as a notice of appeal. (*See* Doc. 31.) A notice of appeal must (1) "specify the party or parties taking the appeal," (2) "designate the judgment, order, or part thereof being appealed," and (3) "name the court to which the appeal is taken." Fed. R. App. P. 3. In his brief, Plaintiff deems himself the "Plaintiff-Appellant." (*See* Doc. 31, at 1.) He also explains that he intends to appeal the Court's order from February 13, 2025 (*see id.* at 2), and he names the Sixth Circuit Court of Appeals in the brief's caption (*see id.* at 1). Courts are to "liberally construe the requirements of Rule 3 . . . to permit notices of appeal technically at variance with the letter of a procedural rule but that amount to the functional equivalent of what the rule requires." *Isert v.*

5

*Ford Motor Co.*, 461 F.3d 756, 759 (6th Cir. 2006) (internal quotations and citations omitted).

Accordingly, the Clerk is **DIRECTED** to treat Plaintiff's brief (Doc. 31) as a notice of appeal.

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiff's suit is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).  The Clerk is **DIRECTED** to treat Plaintiff's brief (Doc. 31) as a notice of appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**